IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED KLEIN and
VICKI C. KLEIN,

      Plaintiffs,

vs.                                                          CIVIL NO. 02-1455 RLP/LFG

CITY OF SANTA FE, a New Mexico
municipal corporation; PATTI BUSHEE,
City Councilor; DAVID PFEFFER, City
Councilor; KAREN HELDMEYER, City
Councilor; DAVID COSS, City Councilor;
and MIGUEL CHAVEZ, City Councilor,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on Defendants' Motion to Stay Proceeding **(Docket No. 20)**, the Court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is not well taken and will be **DENIED.**

## BACKGROUND

The parties do not dispute the procedural status of this case. This matter was removed from the First Judicial District Court, County of Santa Fe, State of New Mexico on November 19, 2002. 28 U.S.C. §§ 1441, 1443 and 1446. This case involves a dispute surrounding the issuance of a driveway permit to Plaintiffs on November 9, 2001 by the City of Santa Fe and the successful administrative appeal of the issuance of this permit by Plaintiffs' neighbors. Plaintiffs' federal causes of action all flow from this driveway

permit litigation that was initially filed in state court and is the subject of an administrative appeal to state district court.

## DISCUSSION

The existence of tandem state and federal cases involving substantially similar facts and legal issues raises concerns for judicial economy. Defendants request the Court to abstain from considering this case until the state court can rule on the pending administrative appeal in state district court. Federal courts may abstain from exercising jurisdiction in exceptional circumstances involving parallel, duplicative litigation. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 820 (1976). The Supreme Court identified four factors for a federal district court to consider when determining whether a federal court should abstain in the exercise of its jurisdiction while a state court considers an action. These four factors are:

(1)     which court first assumed jurisdiction over the *res*;

(2)     whether the federal form is inconvenient;

(3)     the avoidance of piecemeal litigation, and;

(4)     the order of filing of the state and federal actions.

*Id.* at 818-819. These factors are to be analyzed in a flexible manner with a view to the particular realities of the case under consideration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 (1983).

The Supreme Court has stated that abstention from the exercise of federal court jurisdiction may only be done in exceptional circumstances and the mere presence of a

duplicative, parallel state proceeding is not enough to justify abstention. *Id.* In this case, it is clear that the instant action is not parallel to the state proceeding. It clearly arises out of the same transaction or occurrence previously identified as the driveway permit litigation. However, the causes of action that justified removal to this court are not present in the underlying state court proceeding. Therefore, the cases are not parallel. In fact, the presence of a federal question should weigh against a federal district court's abstention. *Id.* at 23-24.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Proceeding is **DENIED.**

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Kenneth J. Cassutt, Esquire - Attorney for Plaintiffs
John P. Hays, Esquire - Attorney for Plaintiffs
James P. Sullivan, Esquire - Attorney for Defendants
Gianna M. Mendoza, Esquire - Attorney for Defendants